PALMER, J.
Betty’s Design Company appeals the final order entered by the trial court granting appellees’ motion for a new trial. Concluding that the trial court’s basis for granting the new trial motion is not supported by the law, we reverse.
Betty’s Design sued David and Mary Ann Evans (Evans) seeking payment for services and materials utilized for the renovation, refurbishing and decoration of the Evans’ home. The complaint included claims to foreclose a construction lien, for breach of oral contract, for account stated, for open account, and for quantum meruit. Before trial commenced, counsel for Evans withdrew from the case and Evans proceeded with the case pro se. At the pretrial conference, Mr. Evans filed a motion for continuance based upon his alleged state of poor health. The trial court denied the motion and set the matter for trial.
The case proceeded to trial, at which Mr. Evans represented the Evans’ inter *1256 ests pro se. Evans did not renew their motion for continuance and did not present any witnesses at trial. The jury returned a verdict in favor of Betty’s Design on its claim to foreclose on its construction lien and its claim of breach of contract.
Evans filed a pro se motion for new trial, arguing that the trial court had erred in denying their pre-trial motion for continuance. Evans then hired counsel who filed an amended motion for a new trial arguing, in addition to the claim that the trial court erred in denying the motion for continuance, that the trial court erred in submitting the construction lien claim to the jury since Betty’s Design failed to prove its entitlement to such a lien. The court conducted a hearing and thereafter denied the motion.
One month later, counsel for the Evans filed a motion to disqualify the trial judge. The trial judge denied the motion as being legally insufficient; however, on his own motion, the trial judge recused himself and the matter was reassigned to a successor judge. Counsel for Evans then filed a motion with the successor judge seeking reconsideration of the trial judge’s denial of their motion for new trial. See FI. R. Jud. Admin. 1.160(h). Upon review, the successor judge reversed the ruling of the trial judge and granted Evans a new trial based upon the conclusion that Evans’ pretrial motion for continuance should have been granted. Betty’s Design appeals, arguing that the successor judge reversibly erred in granting the new trial. We agree. Evans waived their right to seek a new trial based upon the trial judge’s denial of their pre-trial motion for a continuance by failing to renew said motion when the matter proceeded to trial. See McCray v. State, 369 So.2d 111 (Fla. 1st DCA 1979). Therefore, the successor judge abused its discretion reversing the trial judge’s ruling and granting the motion for new trial.
REVERSED and REMANDED for entry of a final judgment in accordance with the jury’s verdict.
THOMPSON and PLEUS, JJ., concur.